IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| MELISSA REED, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:14CV00149-JJV |
| Commissioner, Social Security | * | |
| Administration | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Melissa Reed, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for supplemental security income and disability insurance benefits under Title XVI of the Social Security Act (the "Act"). On November 18, 2014, the Court held oral argument at Plaintiff's request. Mr. Greg Wallace, Esq., appeared by telephone for Ms. Reed. Special Assistant United States Attorney Angelina S. Reese appeared by telephone for the Commissioner. For reasons set out below, the decision of the Commissioner is REVERSED and REMANDED.

I.   BACKGROUND

On October 30, 2011, Ms. Reed protectively filed for benefits due to numbness in her hands and arms. (Tr. 262.) Ms. Reeds's claims were denied initially and upon reconsideration. At Ms. Reed's request, an Administrative Law Judge ("ALJ") held a hearing on May 21, 2013, where Ms. Reed appeared with her lawyer. At the hearing, the ALJ heard testimony from Ms. Reed and a vocational expert. (Tr. 108-129.) The ALJ issued a decision on June 28, 2013, finding that Ms.

Reed was not disabled under the Act. (Tr. 93-108.) The Appeals Council received and considered additional evidence then denied Mr. Reed's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-7.)

Ms. Reed, who was thirty-eight years old at the time of the hearing, completed high school and earned a degree in college. She has past relevant work as an appointment clerk and marketing manager.

## II.   DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Reed had not engaged in substantial gainful activity since the alleged onset date, and she had the following severe impairments: depression, anxiety, and respiratory problems. (Tr. 95.) However, the ALJ found that Ms. Reed did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 96.) According to the ALJ, Ms. Reed has the residual functional capacity to do the full range of work at all exertional levels. (Tr. 97.) He further found she had nonexertional limitations that required unskilled work, work where interpersonal contact and complexity of tasks is limited, and certain environmental restrictions. (*Id.*) A vocational expert testified within the constraints of the ALJ's hypothetical questions (Tr. 124-128), and identified jobs that Plaintiff could perform despite her impairments. Accordingly, the ALJ found Ms. Reed was not disabled.

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

[2]420 C.F.R. §§ 416.920(d), 416.925, and 416.926.

### III.   ANALYSIS

#### A.   Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

#### B.   Ms. Reed's Argument for Reversal

Ms. Reeds asserts the Commissioner's decision should be reversed because the ALJ erred (1) in assessing the effect her combined impairments have on her residual functional capacity;  (2) in the credibility analysis; and (3) and in failing to properly assess her mental limitations.  (Doc. No. 11.)

Ms. Reed has a number of medically determinable impairments.  While the ALJ found she had three "severe" impairments - depression, anxiety, and respiratory problems - Ms. Reed advances evidence showing she suffers from, among other things, fibromyalgia, rheumatoid arthritis, neuropathy, carpal tunnel syndrome, back pain, and liver disease.

---

[3] *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4] *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5] *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

The main concern with this case is the Commissioner's[6] conclusion that Plaintiff was capable of performing work at all exertional levels. This is especially troubling given the fact Ms. Reed has regularly been treated by doctors for a whole host of ailments. And while the Commissioner's counsel makes a good point that these ailments do not necessarily all impact her ability to perform work related activities, the records reveals more limitation than the Commissioner assessed. For example, as was discussed at oral argument, Ms. Reed's doctors administered epidural injections to help control her back pain. (Tr. 1030.) While considered conservative treatment, it still evidences a significant degree of back pain. Additionally, the only doctor to perform a physical examination of Plaintiff, James M. Robinette, M.D., reported she suffered from very significant limitations. (Tr. 1040-46.) And although the Court agrees with the Commissioner's counsel that Dr. Robinette's findings appears somewhat exaggerated, he is still the only medical doctor to specifically evaluate Plaintiff's residual functional capacity. Given a thorough review of all the medical evidence in this case, the Court is unable to conclude that the Commissioner's conclusion - that Ms. Reed is capable of performing work at all exertional levels - is supported by substantial evidence.

## IV.   CONCLUSION

A reasonable mind would not accept the evidence as adequate to support the ALJ's decision because the decision does not sufficiently address Ms. Reed's residual functional capacity. For this reason, Court REVERSES the decision and REMANDS the case to the Commissioner for full development of limitations posed by Plaintiff's exertional impairments. While the Commissioner's decision may be the same after proper analysis, a proper analysis is required.[7]

---

[6] The ALJ did not have the benefit of many of these medical records, but the Appeals Council received and considered these records.

[7] *Groeper v. Sullivan*, 932 F.2d 1234, 1239 (8th Cir. 1991).

This is a "Sentence Four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 20th day of November, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE